

# THE ATTORNEY GENERAL

# OF TEXAS

GERALD C. MANN                     AUSTIN 11, TEXAS

ATTORNEY GENERAL


Honorable Marvin Leonard, Chairman
State Board of Public Welfare
Austin, Texas

Dear Mr. Leonard:                          Opinion No. 0-5085
                                           Re: Character of position of
                                               executive director of De-
                                               partment of Public Welfare,
                                               as public office.

        This will acknowledge receipt of your letter requesting an
opinion of this department upon the question whether the Executive Di-
rector of the State Department of Public Welfare holds an office, rath-
er than an employment, under the State, so as to come within the provi-
sions of Article 16, Section 30, of the Texas Constitution.

        Article 16, Section 30, of the Constitution provides that:

    "The duration of all offices not fixed by this Consti-
    tution shall never exceed two years. . . ."

        Section 3 of House Bill 611, Acts of the 47th Legislature,
Regular Session, provides:

    "Sec. 3. (1) The Board shall select and appoint, with
    the advice and consent of two thirds of the membership of
    the Senate, an Executive Director of the Department of Pub-
    lic Welfare, who shall be the executive and administrative
    officer of the State Department and shall discharge all ad-
    ministrative and executive functions of the State Department.
    Such person so selected and appointed shall be not less than
    thirty-five (35) years of age at the date of his appointment,
    and shall have been a resident citizen of the State of Texas
    for at least ten (10) years preceding the date of his appoint-
    ment, and shall not have been an occupant of any elective
    State office at the time of his appointment, nor have occu-
    pied any elective State office during the six (6) months next
    preceding the date of his said appointment. He shall be a
    person of demonstrated executive ability and extensive ex-
    perience in public welfare administration, or shall have had
    experience as an executive or administrator, and shall serve
    at the pleasure of the State Board. Provided, however, that
    the present Executive Director who has previously been ap-

pointed by the State Board and confirmed by the Senate shall continue to hold office for such period of time as may be determined by the State Board.

"(2) The Board shall be responsible for the adoption of all policies, rules, and regulations for the government of the State Department of Public Welfare.

"(3) The Board, its agents, representatives, and employees shall constitute the State Department of Public Welfare and whenever, by any of the provisions of this Act, or of any other Act, any right, power, or duty so imposed or conferred shall be possessed and exercised by the Executive Director unless any such right, power, or duty is specifically delegated to the duly appointed agents or employees of such department, or any of them, by this Act or by an appropriate rule, regulation, or order of the State Board."

In our opinion, the position of the Executive Director thus provided is clearly a "public office".

Elements which distinguish a public office from a mere public employment are stated in the case of State of Montana, ex rel Julius Barney v. R. N. Hawkins, Secretary of State, et al, 257 Pac. 411, 53 A.L.R., page 583:

"1. It must be created by the Constitution or by the Legislature, or created by a municipality or other body through authority conferred by the Legislature.

"2. It must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public.

"3. The powers conferred and the duties to be discharged must be defined, directly or impliedly, by the Legislature or through Legislative authority.

"4. The duties must be performed independently and without control of a superior power, other than the law, unless they be those of an inferior or subordinate office, created or authorized by the Legislature, and by it placed under the general control of a superior officer or body.

"5. It must have some permanency and continuity, and not be only temporary or occasional."

The place of Executive Director satisfies all of these requirements. The position is created expressly by the Legislative enactment; the Executive Director possesses by delegation a portion of the sovereign

power of government, to be exercised for the benefit of the public, in that the legislature has vested in him the power and duty to discharge all administrative and executive functions of the State Department of Public Welfare and vests in the position the authority to exercise any right, power, or duty imposed or conferred by the act upon the State Department of Public Welfare; the powers to be exercised and the duties to be discharged, are defined by the Legislature and by its authority; the duties to be performed are independent and without control of a superior power, other than the law, except as the director may be placed by the act under the general control of the Board; the office itself is of a permanent and continuing nature, though the tenure of the particular incumbent may be only during the pleasure of the Board. See cases cited in the annotation in 53 A.L.R., following the case of Barney v. Hawkins, cited above.

Additional evidence of the existence of an office, rather than of a mere employment, is found in the following facts:

1. The act itself refers to the Executive Director as an officer. This, while not conclusive, is indicative of the legislative purpose.

2. The act provides that the Executive Director shall be appointed with the advice and consent of two-thirds of the membership of the Senate.

3. The act prescribes the qualifications to be possessed by the Executive Director in detail.

That the Director is not required by the terms of the Act to give bond is of no importance. Many officers of this State are not required to give bond. Likewise, it is not necessary to the existence of an office that the incumbent be given a fixed and definite tenure; an office may exist, though the incumbent hold only during the pleasure of the appointing power.

The statute, it is true, does not specifically require that the Executive Director take the constitutional oath of office. Article 16, Section 1, of the Constitution, however, imposes the requirement, independent of any statute, that all officers take the oath therein prescribed. This section would be meaningless if the prescribing of an oath were indispensable to the creation of an office, for by merely

failing to prescribe that an oath should be taken, the Legislature would be able to defeat the constitutional requirement.

Yours very truly

APPROVED MAR 4, 1943                    ATTORNEY GENERAL OF TEXAS

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS                By  /s/ R. W. Fairchild
                                             R. W. Fairchild
                                             Assistant

RWF:nw:lm

APPROVED
OPINION
COMMITTEE
BY /s/ BWB
CHAIRMAN